# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  18-55382-LRC |
| | ) | |
| BRENT MERRIELL, | ) | CHAPTER   13 |
|      Debtor | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| FLAG BOY PROPERTIES, LLC, | ) | ADVERSARY PROCEEDING |
|      Plaintiff, | ) | NO. |
| vs. | ) | |
| | ) | |
| BRENT MERRIELL, | ) | |
|      Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

**FLAG BOY PROPERTIES, LLC**, (hereinafter "Plaintiff") hereby files this Complaint and in support thereof, respectfully shows this Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. On or about March 30, 2018 (the "Filing Date") Brent Merriell, Debtor and Defendant herein, filed a skeletal, voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition") thereby commencing case No. 18-55382-LRC  [Doc. 1].

2. Debtor is a serial filer.  The Petition was Debtor's second of three bankruptcy filings of 2018.   On February 6, 2018, Debtor filed Case No. 18-52076-LRC, under Chapter 7, which was dismissed on March 6, 2018 for failure to cure deficiencies. [*See,* Doc. No. 12].   Debtor then filed the Petition, Case No. 18-55382-LRC, under Chapter 13 which, as addressed below, was dismissed on April 17, 2018 for failure to pay the filing fee.  Following the dismissal of the Petition, Debtor

1

filed Case No. 18-57149-LRC, on April 27, 2018 under Chapter 13. In each of these cases, Debtor

appears to have only listed his primary secured lender and the foreclosing party, even though in

the third case, which was ultimately converted to Chapter 7, and where assets were ultimately

administered by the Chapter 7 Trustee, and counsel was ultimately obtained by Debtor, *thirteen*

claims were filed by creditors in the case, indicating that there were many more creditors  than

Plaintiff omitted from the Petition. Furthermore, the three cases all appear to have been filed with

different social security numbers. *See,* Objection to Confirmation and Motion to Dismiss or in the

Alternative, to Convert Case to Chapter 7, filed in Case No. 18-57149-LRC [Doc. No. 36,

Paragraph 16]. Counsel cannot tell if this is two different social security numbers or three different

social security numbers. Ultimately, Debtor's discharge was denied in Case No. 18-57149 because

Debtor had a prior Chapter 7 case within the past 8 years. [Doc. Nos. 91 and 106].

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334. This

   Adversary Proceeding is commenced pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. §§ 105 and

   362 and the Declaratory Judgment Act, 28 U.S.C. §2201. Venue is proper before this Court in

   accordance with 28 U.S.C. §§ 1408 and 1409, as this is an Adversary Proceeding arising in and

   related to the Debtor's Chapter 13 case, which is pending in the Bankruptcy Court for the Northern

   District of Georgia.

4. Plaintiff consents to the entry of a final order or judgment by this Court.    This Adversary

   Proceeding is a core proceeding pursuant to 28 U.S.C.  §§ 157(b)(2).

5. Plaintiff is a Limited Liability Corporation doing business in Louisiana.

6. Debtor filed this case and submitted himself to the jurisdiction of this Court. Debtor lists his

   address for service at 2208 Woodiron Drive, Duluth, GA 30097. Debtor filed the case *pro se.*

   Litigation has been filed in Louisiana and Debtor has counsel in that proceeding. This adversary

2

proceeding is being served on that counsel:  Elizabeth L. Hyman, Esq., 710 Carondelet St., New

Orleans, LA 70130, who was court appointed, and Debtor also then hired counsel, Scott J. Sonnier,

Esq. 650 Poydras St., Suite 1400, New Orleans, LA 70130.  Pursuant to Fed. R. Bankr. P. 7004(b),

Service may be by First Class Mail.

<strong>FACTUAL ALLEGATIONS</strong>

7.   Upon the filing of the Petition, Debtor failed to pay the filing fee, failed file his Schedules,

Statement of Financial Affairs and Chapter 13 Plan. [*See, e.g.,* Doc. Nos. 5, 6, and 10].

8.   The Petition, the second Chapter 13 case of 2018, was dismissed for failure to pay the filing fee

on April 17, 2018. [Doc. No. 10]

9.   Such a case, as defined in Paragraphs 2, 11 and 12, is a bad faith filing.  This is particularly true,

when, as stated in Paragraph 2 above, this is Debtor's second of three cases filed within a three

month period and the incorrect social security number is used with the filing.  Furthermore, as

stated below, Debtor had a previous, 2011 Case, which was filed with a different spelling for his

last name.

10.  The Petition listed the following Creditors:

GA Global Title, LLC, 191 Peachtree Street, NE, Atlanta, GA 30303 and

Medley & Associates, 2727 Paces Ferry Rd, Building 2 Suite 1450, Atlanta, GA 30339

[Doc. No. 1].  Pursuant to the "Motion for Order Under 11 U.S.C. §362(c)(4)(A)(ii) Confirming

No Automatic Stay is in Effect" filed in Case No. 18-57149-LRC [Doc. No. 14], GA Global Title

LLC holds the mortgage on property that was in the process of being foreclosed and Medley &

Assoc. were the attorneys handling the foreclosure proceeding.  This property appears to have

been Debtor's primary residence at the time.

11.  The Section 341 Notice of the Chapter 13 Bankruptcy Case for the Petition indicates service on

3

the two creditors noted in Paragraph 10. [Doc. No. 7]

12.  Debtor inherited Property located at located in the Second District square No. 39, bonded by

Conti, Bienville, N. Rocheblave and N. Dorgenois Streets, designated as Lot No. 22-B as more

specifically described in the Petition to Quite Tax Title filed by Movant ("the Property").

13.  The Property appears to have been owned by Debtor via inheritance since January 28, 2010.

14.   On April 10, 2018, the City of New Orleans conducted a tax sale in order to collect delinquent

property taxes for tax year 2017 on the Property.   On May 9, 2018, the City of New Orleans

executed a tax sale certificate in favor of Plaintiff, recorded on May 25, 2018 confirming its

purchase of the Property.  Attached hereto as an Exhibit is a copy of the Tax Sale Certificate,

filed on May 25, 2018 setting out these underlying facts. It is incorporated herein as if set forth in

its entirety.

15. The City of New Orleans was not a listed creditor in the Petition [Doc. No. 1] regarding the

delinquent 2017 real property taxes on the Property despite the on-going pending tax sale and

other underlying litigation and judgments as noted below. Nor was the City of New Orleans

listed in the initial filings in the other two cases.  Ultimately, the City of New Orleans and the

Property were disclosed and listed when Debtor obtained counsel and counsel filed amended

schedules on or about June 3, 2018 [Doc. No. 32, Case No. 18-57149].  There was, however, no

service on the Creditors added to the case at that time.  [Doc. No. 33]. The matrix in the Case No.

18-57149 does not appear to have been updated to reflect the newly added creditors, such as the

City of New Orleans. *See, e.g.* Doc. Nos. 47 and 50.   These notices (of the conversion of the

case to Chapter 7 and the section 341 meeting of creditors in the chapter 7 case) were sent to

more creditors than the two listed in Paragraph 10 but still omit the City of New Orleans.

Ultimately, the Chapter 7 Trustee abandoned his interest in the Property.  [Doc. No. 118].

16.  Plaintiff, a *bona fide, good faith, purchaser*, purchased the Property at the legally advertised tax

sale conducted by Beverly Gariepy, Director of Finance and Ex-Officio Tax Collector. A true and

correct copy of the Petition to Quiet Title is attached hereto and is incorporated herein as if set

forth in its entirety.

17.  The Property was not disclosed as an asset in Debtor's Chapter 7, Schedule D in 2011.  *See,* 11-

58526-JRS [Doc. No. 1, Schedule D, page 12] (the "2011 Case"), which was filed in the names

of "Brent Meeriell" (note the last name being spelled differently) with a joint debtor, Denise

Meeriell. Although Debtor lists seven other properties.

18. As further set forth in the Petition to Quiet Title, the Property was declared to be unoccupied,

uninhabitable, hazardous, a threat to public health/safety, a public nuisance, and blighted on May

23, 2016, pursuant to a Notice of Administrative Judgment filed on July 12, 2016. An additional

Administrative Judgment regarding the public nuisance condition of the property entered on June

4, 2019.  True and correct copies of the Judgments regarding these issues are attached hereto and

are incorporated herein as if set forth in their entirety.

19. As indicated in the Petition to Quiet Title, Debtor had eighteen months under Louisiana law to

redeem the property following the tax sale and failed to do so. (The response to the Motion to

Summary Judgment raises an issue regarding this statement of Louisiana law which is not

germane to the issues to come before the Bankruptcy Court).

20.  On January 4, 2019, Plaintiff was judicially and physically placed in possession of the Property

pursuant to a writ of possession as set forth in the Petition to Quiet Title. A true and correct copy

of this Order is attached hereto and is incorporated herein as if set forth in its entirety.

21. Plaintiff filed a Motion for Summary Judgment in the Petition to Quiet Title Action and Debtor

replied raising the issue of the applicability of the automatic stay (among other issues),

essentially arguing that the sale to Plaintiff, a *bona fide, good faith, purchaser*, was *void ab initio.*

## REQUESTS FOR RELIEF

### Count I
### REQUEST FOR A DECLARATORY JUDGMENT PURSUANT TO 28 USC § 2201

22. Plaintiff realleges and incorporates by reference paragraphs 1-21 above as if set forth herein in their entirety as provided for under Fed.R.Civ.P. 10(c), made applicable by Fed.R.Bankr.P. 7010.

23.  At the time that Plaintiff purchased the Property at the tax sale, Plaintiff was a *bona fide, good faith, purchaser* with no knowledge of any pending bankruptcy case.

24. Plaintiff has paid cash to purchase the property at the tax sale and has since paid cash to remove the city liens placed on the Property regarding the fines for the uninhabitable, blighted, condition of the property.

25. Accordingly, Plaintiff is entitled to a Declaratory Judgment pursuant to 28 U.S.C. §2201 that the automatic stay of 11 U.S.C. § 362 did not apply to it and its purchase of the Property.

26. Such a judgment will serve the twin interests of judicial efficiency and cost effectiveness by terminating the pending litigation regarding this issue in New Orleans litigation, actually terminating the substantial and actual controversy between the parties or at least resolving this aspect of it by the Court most familiar with these issues.

### Count II
### REQUST FOR DETERMINATION THAT AUTOMATIC STAY
### BE ANNULED OR VOIDED

27.  Plaintiff realleges and incorporates by reference paragraphs 1-26 above as if set forth herein in their entirety as provided for under Fed.R.Civ.P. 10(c), made applicable by Fed.R.Bankr.P. 7010.

28.   11 U.S.C. § 362(d) provides that: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section,

such as by terminating, annulling, modifying, or conditioning such stay . . . for cause." 11 U.S.C.

§ 362(d) (emphasis added).

29.  In the Eleventh Circuit, bankruptcy courts may grant retroactive relief from the stay through

annulment upon a showing of good cause. *See, In re Albany Partners, Ltd.,* 749 F.2d 670, 675

(11th Cir. 1984).

30. In determining whether good cause exists, the court should apply a balancing-of the-equities test.

*See In re Fjeldsted*, 293 B.R. 12, 24 (B.A.P. 9th Cir. 2003); *See, also, BKGD, LLC v. Townsend*

*(In re Smith)*, 2018 WL 1737616 (Bankr. N.D.Ga. 2018)(Bonapfel, B.J).

31.  Good cause exists when the violation was not purposeful or knowing and did not prejudice the

rights of other creditors. *See In re Brown,* 251 B.R. 916, 919 (Bankr. M.D. Ga. 2000); see*, also,*

*BKGD, LLC v. Townsend (In re Smith)*, 2018 WL 1737616 (Bankr. N.D.Ga. 2018)(Bonapfel,

B.J).

32.  Good cause exists to either annul the automatic stay or to void it retroactively to the filing date.

33. The tax sale of the Property conducted by the City of New Orleans, conveying the Property to

Plaintiff should be validated.

34. The tax sale of the Property conducted by the City of New Orleans, conveying the Property to

Plaintiff should be declared not to have been held in violation of the automatic stay.

**Count III**
**REQUST FOR DETERMINATION THAT  DEBTOR BE**
**JUDICIALLY ESTOPPED FROM CLAIMING AN INTEREST IN THE PROPERTY**

35.  Plaintiff realleges and incorporates by reference paragraphs 1-34 above as if set forth herein in

their entirety as provided for under Fed.R.Civ.P. 10(c), made applicable by Fed.R.Bankr.P. 7010.

36. The Bankruptcy Court is a Court of Equity and has equitable powers pursuant to 11 U.S.C. §105.

37. Defendant should be judicially estopped from being allowed to claim an interest in the Property

7

based on his prior inconsistent position in the 2011 Case, wherein he filed sworn schedules

failing to list his interest in the Property.

38.  The Chapter 7 Trustee in the 2011 Case was not given an opportunity to evaluate the Property

for value for the benefit of Debtor's Creditors.  Debtor should not be allowed to benefit from this

omission.

**PRAYER**

Plaintiff hereby requests that the Court enter a Declaratory Judgment that the Automatic

Stay did not apply to the tax sale because (a) the City of New Orleans was not listed as a Creditor

in this Chapter 13 Case, which was not filed in good faith, and was, therefore, not notified of the

pending case and/or (b)Plaintiff, is a good faith, *bona fide purchaser*  who purchased property at

a properly notified tax sale and is an innocent party;  or alternatively (c) the automatic stay

should be annulled  or the automatic stay should be retroactively lifted in favor of the City of

New Orleans on behalf of Plaintiff to enable the tax sale to stand as held; or (d) Defendant

should be judicially estopped from claiming an interest in the Property.  If the Court determines

that the relief should be granted contrary to this request, Plaintiff requests that the Court uses its

equitable powers pursuant to 11 U.S.C. §105 to require that Debtor make Plaintiff whole by

repaying all of Plaintiff's  expenses incurred with connection to its purchase of the Property.

WHEREFORE, Plaintiff, Flag Boy Properties, LLC respectfully requests that the Court:

a)  Enter a Declaratory Judgment finding and determining that the Automatic Stay does not

apply to the tax sale conducted to sell the Property to Plaintiff as described herein;

b)  Alternatively, enter an Order finding and determining that the automatic stay of 11 U.S.C.

§ 362 does not apply in that it should be annulled or should be retroactively lifted in favor

of the City of New Orleans on behalf of Plaintiff to enable the tax sale to stand as held;

8

c)  Enter an Order judicially estopping Defendant from declaring an interest in the Property;

and

d)  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
STEINFELD & STEINFELD, P.C.
/s/Shayna M. Steinfeld
Shayna M.  Steinfeld, State Bar No.  622895
11B Lenox Pointe, NE, Atlanta, Georgia 30324
Tel: (404)636-7786, shayna@steifeldlaw.com

9