FILED

2020 JAN 23 AM 9:00

CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO: 2020-00807                      DIV: F-7

### FLAG BOY PROPERTIES, LLC

### V.

### BRENT MERRIELL, THE UNOPENED SUCCESSION OF NATHAN MERRIELL, JR., AND VLADIMIR LERNER

FILED: _____    _____
                                                                                      DEPUTY CLERK

### **PETITION TO QUIET TAX TITLE AND FOR PARTITION BY LICITATION**

NOW INTO COURT, through undersigned counsel, comes FLAG BOY PROPERTIES, LLC, a Louisiana Limited Liability Company, domiciled in Orleans Parish, which respectfully submits the following:

I.

Made defendants herein are:

1) BRENT MERRIELL, a natural person of the full age of majority and who, upon information and belief, resides in Atlanta, Georgia;

2) THE UNOPENED SUCCESSION OF NATHAN MERRIELL, JR., upon information and belief, Nathan Merriell, Jr. died intestate on January 28, 2010 in Fulton County, Georgia, and no succession or probate has been opened;

3) VLADIMIR LERNER, a natural person of the full age of majority and who, upon information and belief, resides in Roswell, Georgia.

II.

This Court has jurisdiction over this proceeding pursuant to the provisions of Louisiana Code of Civil Procedure, Article 8 in that this suit pertains to enforcement of a right in, to, or against property having situs in this state.

III.

Venue for this action is proper in this court pursuant to the provisions of Louisiana Codes of Civil Procedure Articles 72 and 80(A)(1) in that this suit asserts an interest or a right against a property located in this parish.

## PETITION TO QUIET TAX TITLE

### IV.

By virtue of an Orleans Parish Tax Sale Certificate herein described, Flag Boy Properties, LLC is the owner of a ninety-nine percent (99%) interest in the following described property located in Orleans Parish, Louisiana bearing the tax bill number 206203414 to wit:

> A CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon and all the servitudes, rights, ways, and appurtenances thereunto belonging, situated in the City of New Orleans, Parish of Orleans, State of Louisiana, in the **SECOND DISTRICT, SQUARE NO. 329**, bounded by Conti, Bienville, N. Rocheblave and N. Dorgenois Streets, designated as **LOT NO. 22-B**, said lot commences at a distance of 231'9" from the corner of Conti and N. Rocheblave Streets, and measures then 5'7"5'" front on Conti Street, by a depth on the side line towards N. Rocheblave Street of 150'4"6'", and a depth on the opposite side line, towards N. Dorgenois Street of 159'7"1'", and a width in the rear of 58'7"1'", all as more fully shown on a survey by Gilbert & Kelly dated September 26, 1959.
>
> The improvements thereon bare the Municipal Nos. 2530-32 Conti Street, New Orleans.

### V.

In 2018, petitioner acquired tax title to the Property at a legally advertised Orleans Parish Tax Sale conducted by Beverly Gariepy, Director of Finance and Ex-Officio Tax Collector, which said certificate was recorded in the Land Records Division for Orleans Parish, as Notarial Archives Number 2018-19293 and CIN 637971 on May 25, 2018.

### VI.

Pursuant to Article VII, Section 25 of the Louisiana Constitution, once a property is declared blighted in Orleans Parish, anyone with an interest in the Property has eighteen months from the date of recordation of the tax sale certificate to redeem the tax sale. More than eighteen (18) months have elapsed from the date of recordation of the tax sale certificate in the Orleans Parish Conveyance Records, and the Property has not been redeemed, nor has any suit to annul the tax sale in question been filed prior to the institution of these proceedings.

### VII.

Here, in addition to twenty-four (24) violations of the Code of the City of New Orleans, the property was declared unoccupied, uninhabitable, hazardous, a threat to public health/safety, a public nuisance, and _**blighted**_ on May 23, 2016, pursuant to a Notice of Administrative Judgment filed on July 12, 2016 under NA 2016-28145 and MIN 1222987.

VIII.

On January 4, 2019, petitioner was judicially and physically placed in possession of the Property per Writ of Possession filed on January 4, 2019 under NA #2019-00571 and MIN 1291481 pursuant to La. R.S. 47:2158.

IX.

Defendant, the Unopened Succession of Nathan Merriell, Jr. was identified as a co-owner of the Property pursuant to an Act of Donation of a partial interest made from Hattie McFarland Merriell, and recorded in the Land Records Division for Orleans Parish, as Notarial Archives Number 2008-61693 and CIN 423747 on December 3, 2008. By way of the below-referenced Quitclaims, Transfer, and Donation, Brent Merriell is the only heir to the Unopened Succession of Nathan Merriell, Jr., with respect to the subject property.

X.

Defendant, Brent Merriell was identified as a co-owner pursuant to the following:

1. A Quitclaim deed from Bjorn Merriell recorded in the Land Records Division for Orleans Parish, as Notarial Archives Number 2015-38500 and CIN 584764 on September 11, 2015.

2. A Transfer from the Succession of Nathan Merriell (Sr.) recorded in the Land Records Division for Orleans Parish, as Notarial Archives Number 2017-09972 and CIN 614666 on March 17, 2017.

3. A Donation from Hattie McFarland Merriell recorded in the Land Records Division for Orleans Parish, as Notarial Archives Number 2017-09971 and CIN 614665 on March 17, 2017.

4. A Quitclaim from Bjorn Merriell recorded in the Land Records Division for Orleans Parish, as Notarial Archives Number 2017-09973 and CIN 614667 on March 17, 2017.

XI.

Defendant, Vladimir Lerner was identified as an interested party per Act of Mortgage recorded in Land Records Division for Orleans Parish, as Notarial Archives Number 2017-29106 and MIN 1253056.

XII.

Article VII § 25(A)(1) of the Louisiana Constitution provides that a tax deed by a tax collector shall be prima facie evidence that a valid sale was made.

XIII.

Pursuant to La. R.S. 47:2121, a tax title automatically converts to ownership upon the expiration of the redemptive period provided the party was "duly notified."

"A tax sale confers on the tax sale purchaser, or on the political subdivision to which the tax sale property is adjudicated, only tax sale title. *If the tax sale property is not redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interests, claims, or encumbrances held by all duly notified persons.*" (Emphasis added). La. R.S. 47:2121(C)(1).

XIV.

La. R.S. 47:2122 defines "duly notified" as meeting the requirements of due process regardless of whether the person received actual notice or when the noticing effort was made.

"(4) "Duly notified" means, with respect to a particular person, that an effort meeting the requirements of due process of law has been made to identify and to provide that person with a notice that meets the requirements of R.S. 47:2156[1], 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R.S. 47:2266, regardless of any of the following:

(a) Whether the effort resulted in actual notice to the person.

(b) Whether the one who made the effort was a public official or a private party.

(c) When, after the tax sale, the effort was made." La. R.S. 47:2122(4).

XV.

In compliance with La. R.S. 47:2156, the tax collector mailed a large volume of post-tax

---

[1] The defendants were duly notified pursuant to La. R.S. 47:2156.

sale notices to all of the interested parties. The defendants acknowledged receiving the following post-tax sale notices, advising the recipients that the property has been sold at tax sale and how to redeem.

| Date Sent | Recipient | Method Used | Result |
|---|---|---|---|
| 10/3/2017 | Brent Merriell<br>2073 Cascade Rd.<br>Atlanta, GA 30311 | First Class And Certified | Delivered-Signed for and received on March 29, 2018 |
| 10/24/2018 | Vladimir Lerner<br>430 Liberty Trace<br>Roswell, GA 30076 | First Class And Certified | Delivered-Signed for and received on November 5, 2018 |

XVI.

In compliance with La. R.S. 47:2156, petitioner mailed a large volume of post-tax sale notices to interested parties both with and without recorded interests. The defendants acknowledged receiving the following post-tax sale notices, advising the recipients that the redemption period would expire on November 25, 2019.

| Date Sent | Recipient | Method Used | Result |
|---|---|---|---|
| 5/3/2019 | Brent Merriell<br>2073 Cascade Rd.<br>Atlanta, GA 30311 | First Class And Certified | Delivered-Signed for and received on May 7, 2019 |
| 5/3/2019 | Vladimir Lerner<br>430 Liberty Trace<br>Roswell, GA 30076 | First Class And Certified | Delivered-Signed for and received on May 17, 2019 |

XVII.

Upon the provisions of Louisiana Revised Statute 47:2266, the tax title and ownership in the Property will be confirmed unless proceedings to annul the tax sale are instituted within six (6) months from the date of service of this petition.

XVIII.

Petitioner hereby gives notice to BRENT MERRIELL; THE UNOPENED SUCCESSION OF NATHAN MERRIELL, JR; and VLADIMIR LERNER that FLAG BOY PROPERTIES, LLC is owner of ninety-nine percent (99%) interest in the Property by virtue of the aforementioned tax sale certificate and that title and ownership to the Property shall be confirmed in these proceedings unless proceedings to annul the tax sale are instituted by the defendants within six (6) months from the date of service of this petition and citation on said defendants.

XVIII.

Petitioner pleads the expiration of the eighteen-month redemption period pursuant to La. R.S. 47:2266 and Article VII § 25(B)(1) of the Constitution of the State of Louisiana of 1974, and desires to have the title and ownership in the Property confirmed in accordance with La. R.S. 47:2121 and quieted in accordance with the law.

XIX.

Petitioner shows that it is entitled to Judgment from this Court recognizing that FLAG BOY PROPERTIES, LLC is the owner of a ninety-nine percent (99%) interest in the Property, and that BRENT MERRIELL; THE UNOPENED SUCCESSION OF NATHAN MERRIELL, JR; and VLADIMIR LERNER; theirs successors, heirs, and/or assigns have no right, title or claim to the Property.

**PARTITION BY LICITATION**

XX.

As all parties do not agree upon a non-judicial partition, Petitioner desires to have to the Property judicially partitioned under the authority of La. C.C.P. art. 4602(2).

XXI.

Petitioner has made the co-owners of the Property party to the suit in the manner and form required by the law.

XXII.

Petitioner requests a judgment ordering the public sale of the Property to effect a partition, ordering out of the proceeds of such sale a proportional payment in accordance with La. C.C. 811.

XXIII.

Petitioner requests that undersigned counsel be paid a reasonable fee for his legal services in accordance with La. C.C.P. art. 4613.

WHEREFORE, Petitioner, FLAG BOY PROPERTIES, LLC prays as follows:

A) That after all delays had, FLAG BOY PROPERTIES, LLC be granted judgment against BRENT MERRIELL; THE UNOPENED SUCCESSION OF NATHAN MERRIELL, JR; and VLADIMIR LERNER; their successors, and assigns, recognizing FLAG BOY PROPERTIES, LLC as the owner of a ninety-nine percent (99%) interest in the Property, and that BRENT MERRIELL; THE UNOPENED SUCCESSION OF NATHAN

MERRIELL, JR; and VLADIMIR LERNER; their successors, and/or assigns have no further right, title or claim in the Property;

B) That any and all encumbrances, Judgments, liens and mortgages be cancelled and released insofar as they pertain to the Property, including but not limited to an Act of Mortgage recorded in Land Records Division for Orleans Parish, as Notarial Archives Number 2017-29106 and MIN 1253056.

C) That after the lapse of all legal delays and due proceedings had, there be a judgment herein in favor of FLAG BOY PROPERTIES, LLC decreeing the Property to be partitioned by licitation;

D) That the Sheriff of Orleans Parish be appointed notary and authorized to conduct the public sale of the Property without appraisal, for cash, after due advertisement of same as required for judicial sale under execution, and that after the sale of the Property, the Sheriff of Orleans Parish be directed to pay unto the Registry of the Court, subject to further orders of this Court, the funds derived from said sale, less costs of the partition sale and that the Court determine the shares of the co-owners in the proceeds of said sale;

E) That undersigned counsel be paid a reasonable fee for his legal services to be taxed as costs to the court and to be paid out of the mass proceeds of the property partitioned; and

F) For all other equitable relief in the Property.

Respectfully submitted,

JONAH FREEDMAN, LA Bar No. 35780
JONAH FREEDMAN LAW, LLC
700 Camp St., Ste 316
New Orleans, LA 70130
Ph: (504) 475-8075: Fax: (504) 273-4340
Email: Jonah@jonahfreedmanlaw.com
*Attorney for Flag Boy Properties, LLC*

PLEASE SERVE VIA LONG ARM STATUTE:

Brent Merriell
2073 Cascade Rd Sw
Atlanta, GA 30311

Vladimir Lerner
430 Liberty Trace
Roswell, GA 30076

PLEASE HOLD SERVICE ON:

The Unopened Succession of Nathan Merriell, Jr.