**IT IS ORDERED as set forth below:**

Date: August 18, 2022



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| BRENT MERRIELL, | : | BANKRUPTCY CASE |
|  | : | 18-55382 -LRC |
| Debtor. | : |  |
| _____ | : |  |
| FLAG BOY PROPERTIES, LLC, | : | ADVERSARY PROCEEDING |
|  | : | NO. 21-05113 -LRC |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| BRENT MERRIELL, | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 13 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## ORDER

Flag Boy Properties, LLC ("Plaintiff") seeks summary judgment (Doc. 14) as to its request for a declaratory judgment (the "Complaint," Doc. 1) that the automatic stay of 11

U.S.C. § 362 did not apply to its purchase of real property owned by Brent Merriell ("Defendant"), or, alternatively, its request to annul the automatic stay.[1] Defendant answered the Complaint but did not respond to the Motion. This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(2)(A); § 1334(b).

I. <u>Legal Standards</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a court will grant summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c), FED. R. BANKR. P. 7056. The moving party bears the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). Once the moving party makes a *prima facie* showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that a material issue of fact exists precluding summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Where the facts are not disputed, the Court must determine whether the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

At the summary judgment stage of a proceeding, the Court's function is not to determine the truth of the matter by weighing the evidence, but rather to determine if there

---

[1] All further references to § are to the Bankruptcy Code, title 11 of the United States Code, unless otherwise noted.

2

is a genuine issue for trial. *Id*. When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

II.     Undisputed Facts

In 2010, Defendant inherited real property in New Orleans, generally known as 2532 Conti Street, New Orleans (the "Property"). Plaintiff's Statement of Undisputed Facts (Doc. 14, Exh. 4, "SUMF"), ¶ 4. Prior to that, Defendant went to prison for identity theft and making false statements to the FDIC. *Id.*, ¶¶ 4-5, ¶ 7. While Defendant was in prison, his ex-wife filed Bankruptcy Case Number 11-58526-JRS (the "Joint Case"), as a joint case, with an improper spelling of their last name and Defendant's correct social security number. *Id.* ¶ 9. Defendant received a discharge in the Joint Case. *Id*. Defendant testified that he was unaware of the filing of the Joint Case and that none of his debt was listed. *Id.*, ¶ 10.

On February 6, 2018, Defendant filed a Chapter 7 case, Case No. 18-52076-LRC (the "Chapter 7 Case"). *Id.*, ¶ 11. The Chapter 7 Case includes a social security number that does not belong to Defendant, but Defendant testified that he signed the petition. *Id.*, ¶ 12. The Chapter 7 Case was dismissed on March 6, 2018, for failure to correct a filing deficiency. *Id.*, ¶ 13. Many creditors were omitted from the Chapter 7 Case, including the City of New Orleans. *Id.*, ¶ 15.

On March 30, 2018, Case Number 18-55382-lrc (the "March 2018 Chapter 13 Case") was filed in Defendant's name on March 30, 2018. Defendant testified that he did not sign the paperwork to initiate the March 2018 Chapter 13 Case and he did not recognize his signature. *Id*., ¶ 19. Defendant did not authorize the filing of the March 2018 Chapter 13 Case. *Id*., ¶ 27. Defendant believes the March 2018 Chapter 13 Case was commenced by a bankruptcy petition preparer named Dante Alexander ("Alexander"), whom Defendant believed was an attorney and with whom he was working to "fix" the Chapter 7 Case. *Id*. ¶¶ 16-17, 23, 28. Defendant's social security number was incorrect in the March 2018 Chapter 13 Case. *Id*., ¶ 35. The March 2018 Chapter 13 Case did not list the City of New Orleans as a creditor. *Id*., ¶ 21. The March 2018 Chapter 13 Case was dismissed for failure to pay the filing fee on April 17, 2018. *Id*., ¶ 22; *see also* Case No. 18-55382, Doc. No. 10.

Defendant did not file notice of any bankruptcy case in the real property records of the City of New Orleans. *Id*., ¶ 48. A tax sale of the Property to Plaintiff took place during the pendency of the March 2018 Chapter 13 Case because the City of New Orleans was not a listed creditor. *Id*., ¶ 32; *see also* Case No. 18-55382, Doc, No. 33. Neither the City of New Orleans nor Plaintiff, the purchaser, had notice of the March 2018 Chapter 13 Case. *Id*., ¶ 34. Specifically, the City of New Orleans, through Beverly Gariepy, Director of Finance and Ex-Officio Tax Collector for the City of New Orleans, conducted a tax sale on April 10, 2018, pursuant to La. Const. Ann. art. VII, § 25 and Louisiana Revised Statute 47:2154, to collect past due and delinquent taxes, primarily for 2017. *Id*., ¶¶ 49, 51. Plaintiff purchased a redeemable Tax Sale Certificate on the Property, executed by the City of New Orleans on May 9, 2018. *Id*., ¶ 50.

Case Number 18-57149-LRC was filed in Defendant's name on April 27, 2018, under Chapter 13 of the Bankruptcy Code (the "April 2018 Chapter 13 Case"). *Id.*, ¶ 36; *see also* Case No. 18-57149, Doc. No. 1. Defendant testified he did not sign the paperwork to commence the April 2018 Chapter 13 Case; that he was not aware of the new filing; that he believed that Alexander was helping him to fix the Chapter 7 Case; and that it looked to him as if his signature had been signed by Alexander. *Id.*, ¶ 37. Defendant's social security number remains incorrect on the April 2018 Chapter 13 Case. *Id.*, ¶ 38. The City of New Orleans is not a listed creditor in the April 2018 Chapter 13 Case. *Id.* ¶ 39. Defendant retained Robert Schwartz at the end of May 2018, and he began to clean up the April 2018 Chapter 13 Case. *Id.*, ¶ 40; *see also* Case No. 18-57149, Doc. No. 24. Defendant corrected his social security number and amended his schedules to add, for the first time, the City of New Orleans as a creditor and to add the Property. *Id.*, ¶ 42. The City of New Orleans did not receive notice of the April 2018 Chapter 13 Case at that time, however, because Defendant did not update the Court's mailing matrix. *Id.*, ¶ 43. The April 2018 Chapter 13 Case was converted to Chapter 7 on August 3, 2018 (Doc. 49).

III.    Discussion

Plaintiff contends that it is entitled to summary judgment because the March 2018 Chapter 13 Case was not authorized by Defendant or commenced by Defendant and, therefore, was a nullity and no automatic stay arose. Should the Court determine that the March 2018 Chapter 13 Case was properly commenced under § 301, such that the automatic stay arose, Plaintiff seeks annulment of the automatic stay, pursuant to § 362(d) because: (1) neither the City of New Orleans nor Plaintiff had any notice of the March

5

2018 Chapter 13 Case; and (2) there was no harm from the tax sale as Defendant still had, following the tax sale, his state law right of redemption, which was not impacted by the actions taken by Plaintiff.  The Court agrees that Plaintiff is entitled to summary judgment.

Under § 362(a) of the Bankruptcy Code, with certain exceptions not relevant here, a petition filed under § 301 "operates as a stay, applicable to all entities, of-- . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; or (4) any act to create, perfect, or enforce any lien against property of the estate . . . ." 11 U.S.C.A. § 362(a).  Absent some issue with an incompetent or incapacitated debtor, the commencement of the case generally requires the filing of a petition signed, or at least authorized by, the purported debtor.  "'[W]ithout proper authorization from the debtor, a bankruptcy case is *void ab initio*.'"  *In re Todd*, 2015 WL 5042116, *3 (Bankr. N.D. Ga. Aug. 6, 2015) (quoting *In re Harmon*, 435 B.R. 758, 767 (Bankr. N.D. Ga. 2010) (citing *In re Glover*, 2009 WL 6498524, *3 (Bankr. N.D. Ga. Apr. 29. 2009)); *see also Nazaire v. Deutsche Bank Nat'l Tr. Co. as trustee for Indy Mac INDX Mortg. Loan Tr. 2004-ARS, Mortg. Pass-Through Certificates Series 2004-AR8*, 2020 WL 10227665, at *5 (N.D. Ga. June 8, 2020), report and recommendation adopted sub nom. *Nazaire v. Deutsche Bank Nat'l Tr. Co*., 2020 WL 10227646 (N.D. Ga. June 26, 2020) ("Because Nazaire's petition was void *ab initio*, it did not result in an automatic stay, and therefore defendants did not violate any automatic stay by foreclosing upon the property.").  Although "it is also possible for a debtor to ratify a filing that was not authorized in the first instance," the mere passage of time "is not sufficient to ratify an unauthorized filing." *Todd*, 2015 WL 5042116, at *3.

6

Here, the undisputed facts show that Defendant did not sign the petition or authorize its filing and took no actions to ratify the March 2018 Chapter 13 Case. He did not attend the § 341 meeting or complete and file any documents specific to the March 2018 Chapter 13 Case. Indeed, he testified that he was not aware that the March 2018 Chapter 13 Case had been filed until after it was dismissed. Accordingly, the Court agrees with Plaintiff that the March 2018 Chapter 13 Case was void *ab initio*. The Court need not determine for purposes of this case whether the petition triggered the automatic stay, as, assuming without deciding that it did, the Court agrees with Plaintiff that the undisputed facts support annulment of the automatic stay pursuant to § 362(d). *See, e.g., In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984); *In re Merriman*, 616 B.R. 381, 393 (B.A.P. 9th Cir. 2020), appeal dismissed, 2021 WL 3610895 (9th Cir. Feb. 26, 2021); *In re Chintella*, 2014 WL 3672882, at *8 (Bankr. N.D. Ga. June 20, 2014).

Neither Plaintiff nor the City of New Orleans was aware of the bankruptcy filing, and the tax sale itself caused no harm to Defendant, the bankruptcy estate, or Defendant's creditors. Further, Defendant's conduct in connection with this series of bankruptcy cases is questionable, and Defendant has not appeared to demonstrate why the Court should not annul the stay to prevent great prejudice to Plaintiff, an innocent party. Therefore, the Court finds that, under these specific facts, the equities weigh in favor of annulment.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* (Doc. 14) filed by Plaintiff is GRANTED;

IT IS FURTHER ORDERED and declared that the automatic stay, to the extent one arose upon the filing of the March 2018 Chapter 13 Case, is annulled, such that the automatic stay did not invalidate the tax sale of the Property. The Court will enter judgment in favor of Plaintiff simultaneously with the entry of this Order.

**END OF DOCUMENT**

**Distribution List**

**Brent Merriell**
2208 Woodiron Drive
Duluth, GA 30097

**Flag Boy Properties, LLC**
c/o Jonah Freedman, Esq.
Jonah Freedman, LLC
700 Camp St Ste 316
New Orleans, LA 70130

**Shayna M. Steinfeld**
Steinfeld & Steinfeld PC
11B Lenox Pointe NE
Atlanta, GA 30324

**Will B. Geer**
Rountree, Leitman, Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

**Melissa J. Davey**
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303